*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KEVIN LOGAN, Individually and on Behalf of
All others Similarly Situated,

                Plaintiffs-Appellants,

v

CHARTER TOWNSHIP OF WEST
BLOOMFIELD,

                Defendant-Appellee.

UNPUBLISHED
February 18, 2020

No. 333452
Oakland Circuit Court
LC No. 2015-149134-CZ

ON REMAND

Before: CAMERON, P.J., and SERVITTO and GLEICHER, JJ.

PER CURIAM.

As noted in our prior opinion, "[p]laintiffs brought a self-styled class-action suit against West Bloomfield Charter Township, challenging fees levied by the township's building division" and raising both equitable and legal claims. *Logan v West Bloomfield Charter Twp*, unpublished per curiam opinion of the Court of Appeals, issued January 11, 2018 (Docket No. 333452) (*Logan I*), slip op at 1. We vacated the circuit court order partially granting summary disposition in the township's favor. *Id*. The township applied for leave to appeal to the Supreme Court, which ultimately vacated our judgment and remanded for reconsideration in light of *Mich Ass'n of Home Builders v City of Troy*, 504 Mich 204; 934 NW2d 713 (2019) (*MAHB*), and *Genesee Co Drain Comm'r v Genesee Co*, 504 Mich 410; 934 NW2d 805 (2019). *Logan v West Bloomfield Charter Twp*, ___ Mich ___; 935 NW2d 42 (2019). *MAHB* and *Genesee Co* further support our previous judgment and we again vacate the circuit court's partial summary disposition order.

I. BACKGROUND

We succinctly outlined the relevant background of this case in *Logan I*, slip op at 1-2, as follows:

Plaintiffs' putative class action complaint against West Bloomfield Charter Township alleges that the township's building division charged excessive fees, generated a profit, and deposited the extra money in the township general fund "to finance other operations." The class representative[1] asserted that he and others were forced to pay into this illegal municipal enterprise when applying for building permits. Through this system, plaintiffs alleged, the township violated the Stille-DeRossett-Hale single state construction code act (CCA), MCL 125.1501 *et seq.* Plaintiffs alleged that the township also violated the Headlee Amendment, Const 1963, Art 9, § 31,[2] by charging fees that exceeded the reasonable cost of its building division services as the fees had "the effect of a tax increase that was not authorized by a majority of the electorate . . . ." Plaintiffs ultimately raised four counts in their complaint: (1) statutory violation of the CCA, (2) violation of the Headlee Amendment, (3) unjust enrichment premised on the township's violation of the CCA, and (4) a request for permanent injunctive relief against imposition of the challenged fees.

The circuit court summarily dismissed plaintiffs' complaint in part upon the township's motion. The court dismissed the class plaintiffs' and Logan's individual Headlee Amendment claims arising before September 16, 2014, on statute of limitations grounds pursuant to MCR 2.116(C)(7). Plaintiffs do not challenge this ruling.

The township contended that plaintiffs' claims for unjust enrichment and for violation of the CCA were "derived from the Headlee Amendment Claim" and therefore were also time barred. Plaintiffs retorted that the claims were "distinct causes of action requiring different proofs." The circuit court avoided deciding this issue, ruling instead that "there is no private cause of action for a refund or damages under the CCA" according to the plain language of the act and that "there is no cause of action for unjust enrichment arising out of the Headlee Amendment

---

[1] Kevin Logan raised individual claims as well.

[2] The Headlee Amendment provides:

Units of Local Government are hereby prohibited from levying any tax not authorized by law or charter when this section is ratified or from increasing the rate of an existing tax above that rate authorized by law or charter when this section is ratified, without the approval of a majority of the qualified electors of that unit of Local Government voting thereon. . . .

violation."[3]  In relation to the latter, the court ruled that equitable relief was precluded in plaintiffs' Headlee Amendment claim because "there is already a fully [sic], complete, and adequate legal remedy."  Accordingly, the court dismissed the CCA and unjust enrichment claims under MCR 2.116(C)(8).  Only plaintiffs' request for injunctive relief to prevent future excessive fees remained.

We granted leave to appeal limited to the issue of whether the circuit court erred when it dismissed plaintiffs' unjust enrichment claim premised on the township's alleged violation of the CCA (not the Headlee Amendment as incorrectly posited in the circuit court's opinion) pursuant to MCR 2.116(C)(8).  *Logan v Charter Twp of West Bloomfield*, unpublished order of the Court of Appeals, entered November 30, 2016 (Docket No. 333452).  Plaintiffs contend that the circuit court erred because: (1) they were permitted to plead alternative and inconsistent causes of action, and (2) the circuit court incorrectly ruled that plaintiffs were precluded from raising a claim of unjust enrichment premised on MCL 125.1522(1) where that statute did not expressly provide a legal remedy for violations of its provisions.

We ultimately concluded in *Logan I*, slip op at 4, that MCL 125.1522(1) of the CCA did not preclude a plaintiff from raising an unjust enrichment claim relating to a violation of the statute. We further held that under the court rules, plaintiffs could raise inconsistent claims in their complaint—one for unjust enrichment in relation to a violation of the CCA and one for a legal remedy in relation to a violation of the Headlee Amendment.  *Id*.

## II. ANALYSIS

*Genesee Co* and *MAHB* further support that the circuit court improperly summarily dismissed plaintiffs' unjust enrichment claim stemming from the township's violation of the CCA.

Relevant to the current matter, in *MAHB*, 504 Mich at 207, the Supreme Court held that the city of Troy violated MCL 125.1522(1) of the CCA by charging excessive fees for the city's Building Inspection Department's public services in order to generate a revenue to pay off the department's existing deficit.  Just as we found in *Logan I*, the Supreme Court determined in *MAHB* that MCL 125.1522(1) does not include an "express or implied monetary remedy" for its violation.  *MAHB*, 504 Mich at 208.  But, the Court concluded, the trade associations who filed suit against the city could "seek declaratory and injunctive relief to redress present and future violations."  *Id*.

The background of *MAHB* is different in one important aspect from the current case.  In *MAHB*, the plaintiffs filed suit against the city alleging CCA and Headlee Amendment violations, just as here.  However, the plaintiffs did not seek relief in the form of unjust enrichment.  Instead, they sought injunctive and declaratory relief to end the building department's illegal practices.  *Id*. at 209.  The Court held that MCL 125.1522(1) "does not explicitly provide for a private cause of

---

[3] Plaintiffs had not sought equitable relief in connection with its Headlee Amendment claim, however, only in relation to their challenge under the CCA.

action" and that there was "no indication that the Legislature intended a monetary remedy for a violation" of the statute. *MAHB*, 504 Mich at 223, 225. The Court further noted that a private cause of action would be precluded by the Governmental Tort Liability Act (GTLA), MCL 691.1401 *et seq*. *MAHB*, 504 Mich at 224. However, the Court continued, a private cause of action for monetary damages was not "the only mechanism" for enforcing the statute. *Id*. at 225. The plaintiffs could enforce the statute through a preliminary injunction preventing the further collection of excessive fees until the debate was settled in court. *Id*. The plaintiffs could assert an "actual controversy" as they claimed their "economic interests" were affected by the fees and therefore could seek a declaratory judgment that the fees were illegal and could not be assessed in the future. *Id*. at 225-226.

As noted, in the current case, plaintiffs are individuals who seek the return of excessive fees assessed in violation of the CCA. But plaintiffs have not sought redress directly under the statute; rather, plaintiffs claimed that the township was unjustly enriched by the funds collected in violation of the statute. *MAHB* does not address whether such an unjust enrichment claim would be permitted in response to a violation of the CCA.

In *Genesee Co*, the Supreme Court considered the nature of an unjust enrichment claim. In that case, the defendant county served as the administrator for its employees' Blue Cross healthcare plan. Blue Cross conducted a multiyear audit and discovered that the county had collected "millions of dollars" more insurance premiums from its employees than it should have charged. The plaintiff, the county's drain commissioner, filed suit seeking his pro rata refund of the premium overpayment, raising claims in contract and tort (conversion and fraud). *Genesee Co*, 504 Mich 414-415. In an amended complaint, the plaintiff added an unjust enrichment count based on the county's wrongful retention of the overpaid insurance premiums. *Id*. at 416. The trial court dismissed the plaintiff's tort claims as barred by the GTLA, and this Court affirmed that ruling. This Court and the Supreme Court agreed with the trial court, too, that the unjust enrichment claim was not barred by governmental immunity. *Id*.

The Court described unjust enrichment as follows:

> Unjust enrichment is a cause of action to correct a defendant's unjust retention of a benefit owed to another. It is grounded in the idea that a party shall not be allowed to profit or enrich himself inequitably at another's expense. A claim of unjust enrichment can arise when a party has and retains money or benefits which in justice and equity belong to another. [*Id*. at 417-418 (cleaned up).[4]]

The remedy for a tort and sometimes a contractual breach, the Court held, is compensatory damages. *Id*. at 419. But, "[t]he remedy for unjust enrichment is restitution." *Id*. at 418.

---

[4] This opinion uses the parenthetical (cleaned up) to improve readability without altering the substance of the quotation. The parenthetical indicates that nonsubstantive clutter such as brackets, alterations, internal quotation marks, and unimportant citations have been omitted from the quotation. See Metzler, *Cleaning Up Quotations*, 18 J App Pract & Process 143 (2017).

Unjust enrichment . . . doesn't seek to compensate for an injury but to correct against one party's retention of a benefit at another's expense. And the correction, or remedy, is therefore not compensatory damages, but restitution. Restitution restores a party who yielded excessive and unjust benefits to his or her rightful position. [*Id*. at 419 (cleaned up).]

The Court alternatively explained, "[U]njust enrichment claims based in equity [historically] involved remedies other than money judgments, including the establishment of constructive trusts, equitable liens, subrogation, and accounting." *Id*. at 421. Ultimately, the Court asserted:

Unjust enrichment has evolved from a category of restitutionary claims with components in law and equity into a unified independent doctrine that serves a unique legal purpose: it corrects for a benefit received by the defendant rather than compensating for the defendant's wrongful behavior. Both the nature of an unjust-enrichment action and its remedy—whether restitution at law or in equity—separate it from tort and contract. [*Id*. at 422.]

The current matter is similar to *Genesee Co* in that while the plaintiffs in both actions do seek money from the defendants, the money is not meant as compensation. Rather, plaintiffs in this action, like the plaintiff in *Genesee Co*, seek the return of monies paid over to defendant that should not have been charged in the first instance and therefore was unjustly held by defendant. Requesting the return of the funds was not a tort or contract action, but an action to divest the township of benefits unjustly retained. As the relief sought is equitable in nature, the claim is not barred by *MAHB*. Accordingly, we again conclude that the circuit court improperly dismissed plaintiffs' unjust enrichment claim.

We vacate the summary disposition judgment in relation to plaintiffs' unjust enrichment claim and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Thomas C. Cameron
/s/ Deborah A. Servitto
/s/ Elizabeth L. Gleicher